Jasen, J.
(dissenting). I would affirm the order of the Appellate Division confirming the determination of the New York City Housing Authority dismissing petitioner from his employment as a Housing Authority patrolman.
In November, 1961, petitioner was appointed as a Civil Service Patrolman in the New York City Housing Authority Police Department. On January 19, 1967, while assigned to the Mott Haven Houses in the Bronx, he reported to work for the 3:00 . to 11:00 p.m. tour of duty. A burglary complaint had been received and petitioner was questioned about it. As a result of this inquiry, charges unrelated to the burglary complaint were filed against him. They included the unauthorized duplication of two master keys for Mott Haven Houses and the unauthorized possession of master keys and other keys for Mott Haven Houses and certain other Housing Authority projects. He was also charged with four counts of unauthorized entry into Housing Authority project apartments at Mott Haven and Patterson.
Represented by counsel, petitioner entered a plea of not guilty to all charges. After a trial before a trial officer appointed by the Housing Authority, petitioner was found guilty of the two counts of unauthorized entry of project apartments at Mott Haven. The trial officer recommended dismissal, which recommendation was adopted by the Housing Authority, effective February 10,1967.
The majority does not hold that the evidence in the record is insufficient to support the findings of the trial officer, which findings were adopted by the Housing Authority and confirmed *761 by the Appellate Division. Suffice it to say, that if believed the testimony of the witnesses called by the Authority was sufficient to establish that petitioner violated the Authority’s rules and regulations on two occasions by entering project apartments without authorization or justification.
I differ with the majority, however, on the question of whether the measure of discipline imposed was excessive. I have concluded that in light of all the circumstances, it was not so disproportionate to the offense as to be shocking to one’s sense of fairness (Matter of McDermott v. Murphy, 15 A D 2d 479, affd. 12 N Y 2d 780), and, accordingly, should be upheld.
The charges of which petitioner has been found guilty are inimical to the trust with which he is charged. As Judge Lehman, writing for the court in Matter of Roge v. Valentine (280 N. Y. 268, 280) said: “ A police officer is guilty of serious fault when he does an act even without evil intent which tends to destroy confidence in his integrity and honesty.” To put it another way, the integrity of those in law enforcement should be beyond suspicion. Where, as here, a patrolman places himself in an equivocal and compromising position, he undermines his usefulness as a police officer and should, as the trial officer and the Housing Authority determined, be dismissed from Ms post. To authorize an offender, such as the petitioner, to remain as a policeman, goes far towards destroying the Housing Authority’s ability to maintain proper and necessary discipline in its police department.
Accordingly, I would affirm the order of the Appellate Division.